JENNIE TOPPINS *v.* E. T., VA. & GA. RAILROAD CO.

CORPORATION. *Venue.* An action against a corporation for personal
injury may be brought in any county where the company has an
office or agency.

FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington county. NEWTON HACKER, J.

S. J. KIRKPATRICK, E. C. REEVES, and MAXWELL & DOSSER for Toppins.

C. R. VANCE for Railroad.

MCFARLAND, J., delivered the opinion of the court.

The plaintiff brought this action in the circuit court of Washington county to recover damages resulting from the death of her husband, which she avers was caused by the wrongful acts or omissions of the defendant or its agents. The declaration avers that the defendant is a railroad corporation, owning and operating a railroad from Chattanooga to Bristol, with its principal office at Knoxville, in Knox county, and that the accident which caused the death of the plaintiff's husband happened in or near the company's machine shops at Knoxville. The defendant's attorney

moved the court to dismiss the cause upon the ground that the circuit court of Washington county had no jurisdiction, but the court overrule l the motion, being of opinion that a motion to dismiss was not the proper mode to raise the question. A demurrer was thereupon filed, making the question that the action could not be brought in the county of Washington. This demurrer was sustained and the suit dismissed, and the plaintiff has appealed.

The argument is, that although the action is transitory, and, both by the priciples of the common law as well as by our statute, follows the person of the defendants, yet, as a corporation is not supposed to be elsewhere than at its principal office, suit cannot be brought or process served upon it elsewhere, except in these cases expressly authorized by our statute. Conceding the general principle to be as stated, and waiving question whether the objection has been taken in the proper form, we proceed to consider the question. The statutes upon which the question depends are as follows, to-wit: In an article in the Code, devoted to the matter of process on corporations, we have the following:

Sec. 2831. "Service of process on the president or other head of a corporation, or, in his absence, the cashier, treasurer or secretary, or, in the absence of such officers, any director of such corporation shall be sufficient."

Sec. 2832. "If neither the president, cashier, treasurer or secretary reside within the State, service on the chief agent of the corporation residing at the time

in the county where the action is brought shall be deemed sufficient."

Sec. 2833. " If the action be brought in the county in' which the corporation keeps its chief office, the process may be served on any one of the foregoing officers in the absence of those named before him."

Sec. 2834. " When a corporation, company or individual has an office or agency in any county other than that in which the principal resides, the service of process may be made on any agent or clerk employed therein in all actions growing out of or connected with the business of the office or agency."

This last named section is in accord with sec. 2811, in relation to the counties in which actions shall be brought, to-wit: " When a corporation, or company, or in dividual has an office in any county for the transaction of business, actions growing out of or connected with the business of that office or agency, may be brought in the county in which such office or agency is located." These are the provisions of the Code taken from previous acts. They leave but little doubt as to their meaning. They show that when a corporation, company or individual has an office or agency in a county other than that in which the corporation or company has its chief office or in which the individual resides, suit may be brought in such county, and process may be served on any agent or clerk employed in said office, *provided the action be connected with or grows out of the business of that office or agency;* in all other cases, it may be inferred, the suit should be brought where the principal of the corporation is

located.    Such was the law as it stood previous to
the act of 1859–60, ch. 89, which remains to be considered.    The first section (T. & S. Statutes, 2834*a*) is
as follows :  " That sections 2831, 2832, 2833 and 2834
(of the Code) be so amended that hereafter when a
corporation, company or individual has an officer or
agency, or resident director in any county other than
that in which the chief officer or principal resides, the
service of process may be made on any agent or
clerk employed therein in all actions brought against
said company, growing out of the business of, or connected with said company or principal's business."
Sec. 2834*b* :  " The provisions of this act shall only
apply to cases where the action is brought in such
counties as such agency, resident director or office is
located."

It is true these sections do not in terms profess
to change sec. 2811, in regard to the county in which
actions may be brought, but relates to the person
upon whom the process may be served.    Still, the
county in which the action may be brought depends
upon the question as to who is the proper person
upon whom the process is to be served.    If the process is must served on the principal officers, then the
action must be brought in the county of the chief
office; if the process may be served upon an officer
or agent in another county, then the action may be
brought in such other county, for it cannot be supposed that an action must be brought in the county
of the principal office, and yet process served in
another county, and, besides, the second section nega-

tives any such idea; so that, in authorizing process to be served in certain cases upon officers or agents of the corporation in a county other than the county of its chief office, it must have been intended to authorize the action to be brought in such other county. The question then recurs, in what cases does sec. 2834*a* authorize actions to be brought in a county other than the county of the principal office? The language is, " in all actions brought against said company, growing out of the business of, or connected with said company or principal's business." It is argued that this means growing out of or connected with the business of the principal *at that office or agency*—that it was only intended to allow the action in such cases. The difficulty in adopting this construction is, that such was the law as it stood before, under the provisions of the Code before referred to, and to so construe this last named section would be to render it nugatory. The purpose to amend the sections of the Code is clearly expressed, and we must give effect to the change. The only effect we can give is to adopt the plain meaning of the language used, that is, the suit may be allowed in all cases where it is brought against the company, growing out of or connected with its business, that is to say, in all cases. In other words, giving parties the right to sue the company in any county where it has an office, agency or resident director. The word " officer " in the section probably was intended to mean " office." The entire section was very inartificially drawn.

This seems to us the proper construction. The

question was not considered in the case of *Lambreth &amp; Co.* v. *Clarke &amp; Brown,* 10 Heis., 32, although the language of Judge Nicholson seems to imply the contrary. The case, as it appears, was decided on other grounds, rendering a decision on this point unnecessary.

We may add, that if the right to bring an action in a county other than that of the principal office be confined to cases growing out of or connected with the agency of some other county, it may well be doubted whether actions for torts, accidents to persons or property, could be brought elsewhere than in the county of the principal office, for such cases cannot strictly be said to grow out of or be connected with the business of any particular agency. Yet we think it has been the universal rule to bring these actions in the county where the injury occurred. The true construction of the statute is not that the action lies alone in such county, but that it lies in any county where the company has an office or agency.

The judgment will be reversed and cause remanded.