SKAGGS *v.* TENNESSEE CENT. RY. CO.

(*Nashville*, December Term, 1951.)

Opinion filed February 9, 1952.

LOUIS FERGUSON, of Nashville, for plaintiff.

MARTIN & COCHRAN and JOHN D. WHALLEY, all of Nashville, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents an action in tort for the damages to person and property brought by the Plaintiff Skaggs against the Defendant Railway Company. The collision from which the action rises occurred in Cheatham County. The Railway maintains an agent and office in Cheatham County, but its principal or "home" office is in Nashville, Davidson County.

The Plaintiff elected to bring the action in Davidson County, and to secure service of process on the officers of the Railway in Nashville. The Railway filed plea in abatement setting out the facts as we have stated them, and insisting that since it maintained an office and agent in Cheatham County, and since the accident occurred there, that in this action it was not liable to suit in Davidson County.

The Circuit Judge sustained the plea and the Plaintiff has perfected this appeal.

The Defendant Railway insists that Code, Section 8641 applies, and that since both the Plaintiff and the Railway are residents of Cheatham County, that Cheatham County was the only County in which the present action could be brought. Defendant so insists that the Defendant corporation, though its "home" or principal office is in Davidson County, is a resident and has residence in Cheatham County because it has an agent in that county who may be served with process.

We cannot agree that this is the law. "* * * when it is necessary to determine the venue of an action to which a corporation is a party by its *residence,* the

county in which it has its principal place of business or its principal office is generally considered as its residence * * ·*." 19 C. J. S., Corporations, Section 1296, page 976.

The foregoing statement of law is supported by citations from the Courts of the United States, California, Louisiana, New York, North Carolina, and Pennsylvania.

■ The County of the residence of the corporation is that county where it maintains its principal office or place of business. *Fairbanks Steam Shovel Co.* v. *Wills,* 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841; *Galveston, H. & S. A. R. Co.* v. *Gonzales,* 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248. Compare *Kimmerle* v. *City of Topeka,* 88 Kan. 370, 128 P. 367, 43 L. R. A., N. S., 272; *Inter-Southern Life Ins. Co.* v. *Milliken,* 149 Ky. 516, 149 S. W. 875, L. R. A. 1917A, 460.

We think the case here is ruled by *Toppins* v. *East Tennessee, V. & G. Railroad Co.,* 73 Tenn. 600. This is an old case but it has been many times cited and approved by this Court, and the law, as stated in the opinion by Judge McFarland, has never been modified. The facts of the case were identical with those of the case before us, in that the action was in tort for the wrongful death of Plaintiff's deceased husband. The Railroad took a position directly opposite to that which it undertakes to maintain in the present action, insisting that it could only be sued in the county of its principal office or place of business, when the action was brought in another county where the accident occurred and where the railway had an agent subject to service of process. Judge McFarland conceded that "a corporation is not supposed to be elsewhere than at its principal office," which inferentially is a holding that the county of its principal office is the county of its residence. He then held in the

*Toppins* v. *East Tennessee, V. & G. Railroad Co.* case, supra, that by a proper construction of our statutes fixing venue for civil actions against corporations: "The only effect we can give is to adopt the plain meaning of the language used, that is, the suit may be allowed in all cases where it is brought against the company, growing out of or connected with its business, that is to say, in all cases. *In other words, giving parties the right to sue the company in any county where it has an office, agency or resident director.*" (Our emphasis.) *Toppins* v. *East Tennessee, V. & G. Railroad Co.*, 73 Tenn. 600, 604.

The Tennessee cases relied on by the Defendant are clearly distinguishable from the case before us here. In *McClearen* v. *United States Fidelity & Guaranty Co.*, 168 Tenn. 268, 77 S. W. (2d) 451, an action for damages for an accident which occurred in Lewis County, was commenced in Davidson County by securing service of process on the Insurance Commissioner against U. S. F. & G. Company, which was a foreign corporation. Being a foreign corporation, the U. S. F. & G. Company had no "home" or principal office in Tennessee, but it did have an office and agent who was subject to process in Lewis County. The co-Defendant, who was an individual, was a resident of that county. Clearly, therefore, the provisions of Code, Section 8641 applied, since both the Plaintiff and the Defendant, who was an individual, were residents of Lewis County.

In the very recent case of *Tims* v. *Carter*, 192 Tenn. 386, 241 S. W. (2d) 501, the accident happened in Madison County. The Plaintiffs were individuals, and there was a Defendant who was an individual, and the co-Defendant Corporation had an office and agent in Madison County. Clearly, the rule made in *McClearen* v. *United*

*States Fidelity & Guaranty Co.,* supra, applied, and the suit was properly abated in Davidson County.

In the present case, we have an essentially different situation, since the only Defendant is a Corporation, which under the foregoing authorities, if it has a residence, is a resident of Davidson County. The mandatory provision of Code, Section 8641 does not apply. And under the rule quoted from *Toppins* v. *East Tennessee, V. & G. Railroad Co.,* supra, the Plaintiff had the right to bring the action in Davidson County, which was the county of the "home" or principal office of the corporate Defendant, which was the only Defendant.

Reversed and remanded.