E.R. GARLAND, Appellant,

v.

SEABOARD COASTLINE RAILROAD COMPANY, and Louisville & Nashville Railroad Company, d/b/a Clinchfield Railroad Company, Appellees.

Supreme Court of Tennessee,
at Knoxville.

Aug. 1, 1983.

Opinion On Petition to Rehear
Oct. 10, 1983.

Thomas D. Dossett, Todd & Dossett, Kingsport, for appellant.

Frank A. Johnstone, Wilson, Worley, Gamble & Ward, P.C., William T. Gamble, Wilson, Worley, Gamble & Ward, P.C., Kingsport, Thomas J. Seeley, Jr., Gen. Counsel, Erwin, for appellees.

## OPINION

FONES, Chief Justice.

The two issues before the Court in this case are (1) whether process was sufficiently served upon defendant in accordance with T.R.C.P. 4.04 and (2) whether venue was proper in the county wherein plaintiff's action was maintained.

## I.

Plaintiff, Garland, a resident of Sullivan County, Tennessee brought suit under the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–60, against "Seaboard Coastline Railroad Company and Louisville & Nashville Railroad Company, d/b/a Clinchfield Railroad Company." Clinchfield Railroad Company is an unincorporated association comprised of the two above-named foreign corporations, Seaboard Coastline Railroad and Louisville & Nashville Railroad. Clinchfield Railroad Company does business as a common carrier in interstate commerce and has its principal offices located in Unicoi County at Erwin, Tennessee.

While employed by Clinchfield Railroad Company as a railroad conductor, plaintiff suffered personal injuries in Sullivan County when he slipped and fell on a loading dock. Plaintiff filed his suit in the Circuit Court of Washington County, Tennessee, where a single summons and complaint were issued and served on one Walter Wilson, a freight agent employed by Clinchfield Railroad Company at its Johnson City Office in Washington County. Defendant moved pre-trial to dismiss plaintiff's complaint on grounds of insufficient service of process and improper venue. Affidavits were filed by defendant in support of its motion, to-wit: that "Walter Wilson, upon whom service of process as to Clinchfield Railroad was attempted to be made, as a Freight Agent only, is not an officer, execu-

tive or managing agent of Clinchfield Railroad Company or either of its participants, nor is he an agent for service of process by appointment of Clinchfield Railroad Company or either of its participants."

The trial court held that process was sufficiently served upon defendant through Wilson pursuant to T.R.C.P. 4.01 *et seq.* The trial court also opined that federal law as to venue controlled in actions brought in state courts under the Federal Employers' Liability Act. Finding that the federal statute sanctioned venue wherever the carrier sued is "doing business," the trial court therefore concluded that venue was proper in Washington County and thus overruled defendant's motion to dismiss. After the jury awarded plaintiff a judgment of $341,-000, defendant again renewed its objections to the sufficiency of the service of process and the propriety of venue in a motion for new trial or remittitur on the theory that the verdict was excessive. This motion was also overruled.

The Court of Appeals reversed the judgment of the trial court and dismissed the case upon a finding that Wilson was not a proper "agent" of defendant Clinchfield Railroad Company or of either Seaboard Coastline Railroad or Louisville & Nashville Railroad for service of process to be sufficient and valid under a strict construction of T.R.C.P. 4.04(3) or (4). Moreover, the Court of Appeals found that Tennessee law as to venue controlled in this case, and that since the propriety of venue depended upon the validity of service, it followed that venue for this action was not proper in Washington County. Defendant's alternate contention that it was error for the trial court to overrule its motion for a remittitur of the judgment or a new trial was therefore pretermitted.

Plaintiff asks this Court to reinstate the jury verdict in his favor, contending that both service of process and venue were sufficient and proper. We first address the issue of the validity of service of process in light of T.R.C.P. 4.04.

## II.

T.R.C.P. 4.04(3) states that service of process shall be made:

"Upon a partnership or unincorporated association which is named defendant under a common name, by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association."

Also under T.R.C.P. 4.04(4) service of process shall be made:

"Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent ' thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."

Defendant urges this Court to accept the Court of Appeals' conclusion that service of process was insufficient under T.R.C.P. 4.04(3) and (4) in that its freight agent Wilson was neither a "managing agent" nor "an agent authorized by appointment or by law to receive service" either for the defendant or for one of the corporations which comprise the defendant as an unincorporated association. Yet these narrow and technical definitions urged by defendant are inconsistent with the apparent purpose of T.R.C.P. 4.04, to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings. *See, e.g., Insurance Company of North America v. S/S "Hellenic Challenger",* 88 F.R.D. 545, 547 (S.D.N.Y.1980) [applying F.R.C.P. 4(d)(3) ].

■ Thus, in determining whether a defendant is properly served for purposes of the above rules we adopt the construction used by the federal courts for determining the sufficiency of service of process under

F.R.C.P. 4(d)(3),[1] the federal counterpart to T.R.C.P. 4.04(3) and (4). Federal courts have held that Rule 4(d)(3) "does not require that service be made solely upon a restricted class of formally titled officials, but rather permits it to be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" *Insurance Company of North America v. S/S "Hellenic Challenger", supra,* at 547; *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa,* 428 F.Supp. 1237, 1251 (S.D.N.Y.1977); *Montclair Electronics, Inc. v. Electra/Midland Corporation,* 326 F.Supp. 839, 842 (S.D.N.Y.1971). *See also, Hornstein v. Atchison, Topeka & Santa Fe Railroad,* 229 F.Supp. 1009, 1013 (W.D.Wis. 1964); *American Football League v. National Football League,* 27 F.R.D. 264, 269 (D.Md.1961); *Krnach v. Electro Lift, Inc.,* 13 F.R.D. 131, 133 (E.D.Ohio 1952).

■ Defendant's denial that Wilson is a proper "agent" through whom it might be served with process for purposes of this suit is controverted by our review of the record and a reasonable application of T.R.C.P. 4.04(3). The proof shows that at the hearing on defendant's motion to dismiss, counsel for defendant expressly acknowledged in open court that Wilson was the "chief agent" in charge of defendant's activities in Washington County. Such admission is binding on the defendant in this Court. *See, e.g., Pewitt v. Pewitt,* 192 Tenn. 227, 240 S.W.2d 521 (1951). As the highest ranking agent for defendant in Washington County, Wilson stood in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service of process on behalf of the unincorporated association pursuant to T.R.C.P.

4.04(3). We therefore find the service to be valid in the instant case.

### III.

■ Defendant further argues that even if service of process were valid, plaintiff's suit should remain dismissed since venue did not properly lie in Washington County. Before addressing this contention, we initially note that Tennessee law clearly controls the disposition of venue in suits brought in Tennessee state courts pursuant to the provisions of the Federal Employers' Liability Act. 45 U.S.C.A. § 56 states that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States." The United States Supreme Court has interpreted this statute as establishing venue in the appropriate federal district court only when a Federal Employers' Liability Act claimant elects to maintain such an action in the federal judicial system. *See Baltimore & Ohio Railroad Co. v. Kepner,* 314 U.S. 44, 52, 62 S.Ct. 6, 9, 86 L.Ed. 28 (1941). "The venue of state court suits was left to the practice of the forum." *Miles v. Illinois Central Railroad Co.,* 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129 (1942). *See also, Hopmann v. Southern Pacific Transportation Co.,* 581 S.W.2d 532 (Tex. App.1979).

The venue of transitory actions brought in Tennessee courts is controlled by T.C.A. § 20–4–101, which states in pertinent part as follows:

(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be

---

1. Service shall be made:

"Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

brought in the county where the cause of action arose or in the county where the defendant resides or is found.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

 Defendant first contends that since plaintiff lived in Sullivan County and since defendant itself had a freight agent at its office in Sullivan County, equal in status to the freight agent served in Washington County, venue was localized pursuant to T.C.A. § 20–4–101(b) in Sullivan County, the county of the parties' common "residence." We find, however, that the mere presence of defendant's agent in a particular county does not solely determine the county of defendant's "residence" under the venue statute. This Court has held that the county of a coporation's "residence" for purposes of determining venue is that county where it maintains its principal office or place of business. *Skaggs v. Tennessee Central Railway Co.*, 193 Tenn. 384, 386, 246 S.W.2d 55 (1952). We believe that this construction is equally applicable to unincorporated associations. *See, e.g., Paine v. Civil Service Employees Association,* 15 App.Div. 265, 222 N.Y.S.2d 725 (N.Y.App.Div.1962); 77 Am.Jur.2d *Venue* § 5, "Venue in actions against corporations and unincorporated associations" (1975). Since defendant's principal office is located in Unicoi County, we hold that the venue of plaintiff's action is not localized in Sullivan County under T.C.A. § 20–4–101(b) and that therefore plaintiff's action may be brought "in the county where defendant resides or is found" pursuant to T.C.A. § 20–4–101(a).

 In the alternative, defendant urges us to confine venue to Sullivan County on the theory that T.C.A. § 20–4–104 limits T.C.A. § 20–4–101(a) as applied to business

defendants. T.C.A. § 20–4–104 reads as follows:

"When a corporation, partnership or individual has an office or agency in any county for the transaction of business, actions growing out of, or connected with the business of *that* office or agency, may be brought in the county in which its office or agency is located." (Emphasis added.)

Defendant would have us include unincorporated associations within the scope of this statute and construe this statute as confining the venue of a transitory action brought against a business defendant to the sole county in which is located defendant's particular office or agency from which the cause of action is said to "grow out of" or "be connected with." Defendant insists that plaintiff's injury was not connected with nor did it grow out of the business of defendant in Washington County, the circumstances which are required for venue under T.C.A. § 20–4–104.

Defendant's interpretation of that statute would be correct if a subsequent statute and *Toppins v. East Tennessee, Virginia & Georgia Railroad Co.,* 73 Tenn. 600 (1880) and its progeny had not intervened, since that statute's codification as § 2811, Tennessee Code of 1858.

In *Toppins,* plaintiff brought suit and obtained service on defendant in Washington County for the wrongful death of her husband. Defendant's principal office was located in Knox County and the accident occurred in that county. Defendant Railroad made the same argument as here, to-wit, that decedent's accident was not connected with the business of defendant's office located in Washington County, a necessary pre-requisite for venue under § 2811, Tennessee Code of 1858, now T.C.A. § 20–4–104.

The *Toppins* Court agreed that "such was the law" prior to the enactment of Chapter 89, Public Acts of 1859–60,[2] but held that

---

2. Chapter 89, Public Acts of 1859–60, codified as § 2834, Tennessee Code of 1858, later T.C.A. § 20–218, reads in pertinent part, as follows:

Section 1. ... [T]hat hereafter when a corporation, company, or individual has an office or agency, or resident director in any county other than that in which the chief

the later act authorized suits against corporations in any county, in addition to the county of its principal office, where an office or agency exists, in all actions "growing out of or connected with its business, that is to say, in all cases." 73 Tenn. at 604.

The *Toppins* Court opined that the legislative purpose in enacting Chapter 89 was not only to enlarge the scope of the existing service of process statutes but also to expand the construction of the venue statute, section 2811. The Court concluded in its opinion as follows:

> "[I]f the right to bring an action in a county other than that of the principal office be confined to cases growing out of or connected with the agency of some other county, it may well be doubted whether actions for torts, accidents to persons or property, could be brought elsewhere than in the county of the principal office, for such cases cannot strictly be said to grow out of or be connected with the business of any particular agency. . . . The true construction of the statute is not that the action lies alone in such county, but that it lies in *any* county where the company has an office or agency." (Emphasis added.) 73 Tenn. at 605.

Since *Toppins,* this Court has consistently adhered to a construction of T.C.A. § 20–4–104 as allowing suits against business defendants to proceed in any county wherein defendant has an office or agency. *See, e.g., Skaggs v. Tennessee Central Railway Co., supra; Redman v. DuPont Rayon Co.,* 165 Tenn. 585, 56 S.W.2d 737 (1933); *Chambers v. Sanford and Treadway,* 154 Tenn. 134, 289 S.W. 533 (1926); *Brewer v. De Camp Glass Casket Co.,* 139 Tenn. 97, 201 S.W. 145 (1917).

In *Brewer,* the Court approved the *Toppins* interpretation and observed that the earlier statute confined venue to "causes of

action growing out of the particular office or agency," but that the broad language of Chapter 89, Public Acts of 1859–60, expressed "the commanding rule." 139 Tenn. at 106, 201 S.W. at 147.

In *Redman,* Chief Justice Green writing for the Court, adopted the *Toppins* interpretation of the venue statute and quoted from *Brewer,* in part, as follows:

> "The right is not confined to matters growing out of a particular officer or agency; it is broad enough to embrace any right of action growing out of the business." 165 Tenn. at 588, 56 S.W.2d at 738.

After discussing other statutes and cases not relevant here, Chief Justice Green continued:

> "The whole matter comes down to this. With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found." *Id.* at 590, 56 S.W.2d at 739.

*Toppins* had not been overruled or modified on January 1, 1971, the effective date of the Tennessee Rules of Civil Procedure. Tennessee Rules of Civil Procedure 4 governs process and has superseded many prior statutes, but the last sentence of T.R.C.P. 4.01 reads as follows:

> "Nothing in this rule shall affect existing laws with respect to venue."

T.C.A. § 20–218 was one of the many statutes repealed by Chapter 565, Public Acts of 1972, wherein the Legislature expressly declared that the Tennessee Rules of Civil Procedure had superseded many acts and parts of acts and that the listed sections were repealed to avoid any inconsistency, confusion or ambiguity.

We conclude that *Toppins* and its progeny continues to express the controlling law on the venue question involved in this law-

---

officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought against said company growing out of the business of, or connected with said company or principal's business.

Sec. 2. . . . That the provisions of this Act shall only apply to cases where the action is brought in such counties as such agency, resident director, or office is located.

suit, in spite of the circumstance that T.C.A. § 20–4–104 remains in the Code and T.C.A. § 20–218 is no longer there.

██ We therefore find that T.C.A. § 20–4–101(a) controls the maintenance of plaintiff's suit in this case and hold that venue was proper in Washington County. As in the case of a corporation, an unincorporated association may be "found" pursuant to T.C.A. § 20–4–101(a) in any county wherein it has an office for the furtherance of its business activities. *See Redman, supra* at 590, 56 S.W.2d at 739; 77 Am.Jur.2d *Venue* § 5 (1975).

The Court of Appeals' decision is reversed and the judgment of the trial court is reinstated. This cause is remanded to the Court of Appeals for determination of the pretermitted issue. Costs are adjudged against defendant Clinchfield Railroad Company.

## OPINION ON PETITION TO REHEAR

Defendant says that this Court, "incorrectly states a material fact established in this case," when we "assumed" that this action was filed against, "the unincorporated association" because, "during oral argument, before this Court, Garland's counsel ... stated that this action was filed not against the unincorporated association but against the two corporations which comprise Clinchfield."

We have replayed the tape recording of the oral argument and defendants are mistaken in that assertion. The question of who was sued came up on several occasions and in several contexts during oral argument. We find nothing in the oral argument said by plaintiff's counsel, that can be construed as binding plaintiff to the proposition that he sued parties other than those that the record filed in the cause reflects were sued.

██ The complaint, the summons, defendant's own motion to dismiss and the affidavit of Robert Sams in support thereof,

reflected that the legal entity sued was the Clinchfield Railroad and the Clinchfield Railroad was either an unincorporated association or a joint venture (i.e. partnership) whose principals or partners were the Seaboard Coastline Railroad and the L & N Railroad. Both the motion and the affidavit refer to Clinchfield Railroad as "the defendant." Both defendant's motion and Sams' affidavit assert that, "Clinchfield Railroad is a joint venture or an unincorporated association of L & N Railroad and Seaboard Coastline Railroad, both foreign corporations" and further that "Clinchfield Railroad's principal place of business is in Unicoi County." Parenthetically, the result of this lawsuit is identical whether Clinchfield Railroad was an unincorporated association or a joint venture since a joint venture is governed by the same rules applicable to a partnership. *Garner v. Maxwell,* 50 Tenn.App. 157, 360 S.W.2d 64 (1962).

It follows that the first issue raised by defendant in its petition to rehear is predicated on the erroneous claim that plaintiff did not sue Clinchfield Railroad but sued only the two foreign corporations with the asserted result that venue was therefore fixed in Sullivan County, is without merit.

Other matters asserted in the petition to rehear are mere rearguments of matters this Court has considered and dealt with. The petition to rehear is denied. Costs are adjudged against defendant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.