IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

**DOROTHY CALATRELLO BOLES, ET AL. V. TENNESSEE FARMERS MUTUAL
INSURANCE CO., ET AL.**

**Appeal from the Circuit Court for Coffee County**
**No. 28,803     John W. Rollins, Judge**

_____

**No. M1999-00727-COA-R3-CV - Filed July 27, 2000**

_____

In this action for breach of insurance contract, Plaintiffs Dorothy Calatrello Boles and her husband, Marty Boles, appeal the trial court's final judgment dismissing their complaint against Defendants/Appellees Tennessee Farmers Mutual Insurance Company and Lee Brooks, individually and as agent for Tennessee Farmers. Contrary to the trial court's ruling, we conclude that the Plaintiffs adequately complied with the service of process requirements set forth in rule 4.04 of the Tennessee Rules of Civil Procedure. Accordingly, we reverse the trial court's judgment of dismissal, and we remand this cause for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Dorothy Calatrello Boles and Marty Boles, Manchester, Tennessee, appellants, *Pro Se*.

Steven A. Dix, Murfreesboro, Tennessee, for the appellees, Tennessee Farmers Mutual Insurance Company and Lee Brooks.

**OPINION**

The Plaintiffs' home and personal property were destroyed by a fire in May 1997. Thereafter, the Plaintiffs filed this action against Tennessee Farmers, the company that issued the Plaintiffs' homeowners insurance policy, and Lee Brooks, a claims investigator employed by Tennessee Farmers. In essence, the Plaintiffs' complaint asserted that the Defendants had breached the provisions of the homeowners insurance policy by failing to pay the Plaintiffs' fire loss claim. The Plaintiffs' complaint included claims for breach of contract, bad-faith failure to promptly pay the

claim,[1] violation of the Tennessee Consumer Protection Act,[2] promissory fraud, and intentional infliction of emotional distress.

The Plaintiffs attempted to serve the Defendants with copies of the summonses and complaint by certified mail as permitted by rule 4.04 of the Tennessee Rules of Civil Procedure. *See* Tenn. R. Civ. P. 4.04(10). The Plaintiffs addressed Tennessee Farmers' copies to Jack Shofner at Tennessee Farmers' place of business on Hillsboro Boulevard in Manchester, Coffee County, Tennessee. The Plaintiffs addressed Lee Brooks' copies to him at the same address. On December 8, 1997, a postal employee delivered the copies to Tennessee Farmers' Manchester office. A Tennessee Farmers employee named Barbara Prater signed the return receipts for both certified mail deliveries in the signature blank marked "Addressee or Agent."

The Defendants filed a motion to dismiss for insufficiency of service of process. *See* Tenn. R. Civ. P. 12.02(5). In support of their motion, the Defendants filed the affidavits of Vernon Murray, a vice president for Tennessee Farmers in Columbia, Tennessee, and Defendant Lee Brooks, a claims investigator for Tennessee Farmers in Manchester. Murray's affidavit stated that Barbara Prater was a secretary in Tennessee Farmers' claims office in Manchester, that Prater was not an officer, managing agent, or chief agent of Tennessee Farmers, and that Prater was not authorized to accept service of process on behalf of Tennessee Farmers. Brooks' affidavit similarly stated that Barbara Prater was a direct service representative in Tennessee Farmers' claims office, that Prater was not authorized to accept service of process on Brooks' behalf, and that at no time did Brooks designate anyone to accept service of process on his behalf.

In opposing the Defendants' motion to dismiss, the Plaintiffs submitted various discovery materials, including depositions and responses to interrogatories and requests for admissions. In her August 1999 deposition, Barbara Prater testified that she was employed by Tennessee Farmers as a direct service representative in its Manchester office. Prater had signed for certified mail in the past, and she confirmed that she signed for and received the two pieces of certified mail at issue in this case. When asked about the usual office procedure for handling certified mail, Prater testified that any of the clerical staff or the other direct service representatives could sign for certified mail. Usually, this responsibility fell on the employee who was "handy." Prater worked primarily for four Tennessee Farmers claims employees, two of whom were Shofner and Brooks. Prater's duties included handling mail for both Shofner and Brooks. She usually opened and date stamped Shofner's mail. On the other hand, Prater did not open Brooks' mail. Instead, she usually date stamped the envelope and laid it on his desk.

In response to the Plaintiffs' request for admissions, Jack Shofner initially denied (1) that he was the chief agent of Tennessee Farmers' office in Coffee County, (2) that Barbara Prater was authorized to sign for and receive certified mail addressed to Tennessee Farmers and its employees,

---

[1] *See* Tenn. Code Ann. § 56-7-105(a) (1994).

[2] *See* Tenn. Code Ann. §§ 47-18-101 to -121 (1995).

and (3) that Prater and other employees regularly signed for and received certified mail delivered to Tennessee Farmers. In a subsequent deposition, however, Shofner contradicted these statements. Shofner testified that he was the district claims manager for Tennessee Farmers and that he was in charge of an eight-county district that included Coffee County. Shofner further testified that, as the district claims manager, he was Tennessee Farmers' highest ranking employee in Coffee County. Shofner indicated that Barbara Prater was authorized to sign for certified mail addressed to Shofner and other Tennessee Farmers employees at the Manchester office, and he agreed that "pretty much anyone there is authorized to sign for certified mail when they receive it." Shofner found the summons and complaint on his desk on December 9 or 10, 1997, when he returned from a Farm Bureau convention meeting. Shofner then forwarded the summons and complaint to Tennessee Farmers' legal counsel.

In his response to the Plaintiffs' request for admissions, Lee Brooks denied that Barbara Prater was authorized to sign for and receive certified mail addressed to him at Tennessee Farmers' Manchester office. Brooks admitted, however, that Prater signed for and received the certified mail containing a copy of the summons and complaint in this case. Brooks also admitted that he actually received the contents of the certified mail envelope, and he forwarded the copies to his legal counsel.

After reviewing "the entire record," the trial court entered an order granting the Defendants' motion and dismissing the Plaintiffs' complaint. In support of its dismissal, the trial court ruled that, "[b]ased upon the undisputed affidavits of Henry Lee Brooks and Vernon Murray, the . . . Defendants were never properly served." On appeal, the Plaintiffs contend that the trial court erred in granting the Defendants' motion to dismiss because, despite the affidavits of Brooks and Murray indicating that Barbara Prater was not authorized to receive service of process on the Defendants' behalf, the record contains evidence that Prater was authorized to sign for and receive certified mail addressed to Tennessee Farmers and its employees in the Manchester office. The Plaintiffs also contend that they properly served Tennessee Farmers because, contrary to his responses to the Plaintiffs' request for admissions, Shofner's deposition testimony revealed that he was Tennessee Farmers' chief agent in Coffee County.

We agree with both of the Plaintiffs' contentions on appeal. Rule 4.04(10), authorizing service of process by certified return receipt mail, contains the following provisions:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by

persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.04(10).

If a plaintiff elects to serve a defendant with process by the method of certified return receipt mail, the plaintiff must comply with the remaining provisions of rule 4.04. A plaintiff must comply with the following provision when serving an individual with process:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). If the plaintiff is serving a corporation, the following provision applies:

> Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4).

In *Garland v. Seaboard Coastline Railroad Co.*, 658 S.W.2d 528 (Tenn. 1983), our Supreme Court considered the comparable requirements of rule 4.04(3) regarding service of process on an unincorporated association. Rule 4.04(3) contains the following provision:

> Upon a partnership or unincorporated association (including a limited liability company) which is named defendant under a common name, by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Tenn. R. Civ. P. 4.04(3).

In *Garland*, the plaintiff served the defendant's freight agent at its Johnson City office in Washington County. *See Garland*, 658 S.W.2d at 529. The defendant filed a motion to dismiss on the ground of insufficient service of process. *See id*. In support of its motion to dismiss, the defendant filed affidavits stating that the freight agent was neither an officer or managing agent of

the defendant nor an appointed agent for service of process. *See id*. at 529-30. At the hearing on the motion to dismiss, however, the defendant's counsel acknowledged that the freight agent was the chief agent in charge of the defendant's activities in Washington County. *See id*. at 531.

In holding that the freight agent was a proper agent through whom the defendant could be served with process, the court reasoned that

> these narrow and technical definitions urged by defendant are inconsistent with the apparent purpose of [rule] 4.04, to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings. . . .
>
> . . . .
>
> . . . . As the highest ranking agent for defendant in Washington County, [the freight agent] stood in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service of process on behalf of the unincorporated association pursuant to [rule] 4.04(3). We therefore find the service to be valid in the instant case.

*Garland*, 658 S.W.2d at 530-31 (citations omitted). The court relied on decisions holding that the comparable federal rule[3]

> does not require that service be made solely upon a restricted class of formally titled officials, but rather permits it to be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service."

*Id*. at 531 (quoting *Insurance Co. of N. Am. v. S/S Hellenic Challenger*, 88 F.R.D. 545, 547 (S.D.N.Y. 1980)).

In accordance with our supreme court's reasoning in *Garland*, we conclude that Jack Shofner was a proper agent through whom Tennessee Farmers could be served with process under rule 4.04(4). Despite Shofner's initial denial that he was the chief agent of Tennessee Farmers' office in Coffee County, Shofner's subsequent deposition testimony revealed that he was the district claims manager for Tennessee Farmers, that he was in charge of an eight-county district that included Coffee County, and that he was Tennessee Farmers' highest ranking employee in Coffee County. As the highest ranking agent for Tennessee Farmers in Coffee County, Shofner "stood in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service of process on behalf of" Tennessee Farmers. *Garland*, 658 S.W.2d at 531. Moreover, Shofner's

---

[3]*See* Fed. R. Civ. P. 4(h).

testimony revealed that he was sufficiently integrated with Tennessee Farmers that he knew what to do with the papers.

We also conclude that, contrary to the Defendants' initial denials, Barbara Prater was authorized to receive service of process on the Defendants' behalf. Although our research revealed no Tennessee decisions addressing this precise issue, under similar circumstances, courts in other jurisdictions have held that an employee who is authorized to sign for and receive a defendant's certified mail is also authorized to accept service of process on behalf of the defendant as the defendant's agent. *See, e.g.*, *Fender v. Deaton*, 503 S.E.2d 707, 710 (N.C. Ct. App. 1998), *review denied*, 527 S.E.2d 666 (N.C. 1999); *Bay Plaza Management Co. v. Estep*, 525 P.2d 56, 58 (Or. 1974) (applying California law); *Hill Country Spring Water of Texas, Inc. v. Krug*, 773 S.W.2d 637, 639-40 (Tex. Ct. App. 1989) (applying Ohio law).

In Tennessee, rule 4.04 specifically permits a plaintiff to serve a defendant with process by serving the defendant's authorized agent. Such a practice is permitted, regardless of whether the defendant is an individual or a corporation, provided the agent is authorized by appointment or by law to receive service on behalf of the defendant. *See* Tenn. R. Civ. P. 4.04(1), 4.04(4).

In the present case, both Barbara Prater and Jack Shofner testified that Prater was authorized to sign for and receive certified mail on behalf of Tennessee Farmers and its employees at the Manchester office. In accordance with this authorization, and in accordance with Tennessee Farmers' usual practice, Barbara Prater received the certified mail deliveries for both Jack Shofner and Lee Brooks, and she signed the return receipts in the signature blank marked "Addressee or Agent." Based upon this evidence, we conclude that Prater was an agent authorized to accept service of process on behalf of the Defendants and, thus, that the Plaintiffs adequately complied with the requirements for service of process set forth in rule 4.04.

We recognize that, in response to the Plaintiffs' request for admissions, Lee Brooks denied that Barbara Prater was authorized to sign for and receive certified mail addressed to him at Tennessee Farmers' Manchester office. Brooks' assertion, however, was contradicted by the testimony of Barbara Prater and Jack Shofner, who stated that Prater was authorized to sign for and receive certified mail on behalf of both Tennessee Farmers and its employees at the Manchester office. In our view, Brooks had the burden of showing that Prater was not authorized to receive service of process on his behalf. *See, e.g.*, *Rosen v. Solomon*, 374 F. Supp. 915, 921 (E.D. Pa. 1974), *aff'd*, 523 F.2d 1051 (3d Cir. 1975). In light of the conflicting testimony on this issue, we will resolve any disputed facts in favor of the Plaintiffs. *See Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988).

In urging this court to uphold the trial court's judgment of dismissal, the Defendants contend that a holding that Barbara Prater was authorized to receive service of process on behalf of Tennessee Farmers "would make any domestic corporation in this State subject to service of process by someone leaving a summons and complaint with a desk clerk or receptionist." We reject this rather sweeping characterization of our holding today. Barbara Prater was not merely a desk clerk

or receptionist with whom a postal employee left a summons and complaint. Rather, Prater was specifically authorized to sign for and receive certified mail on behalf of Tennessee Farmers and its employees at the Manchester office. When presented with the certified mail deliveries addressed to Shofner and Brooks, Prater signed for both pieces of certified mail as the addressee's agent, and she delivered the mail to the addressees, who in turn forwarded the documents to their legal counsel. Under these particular circumstances, we hold that Prater was authorized to receive service of process on behalf of the Defendants.

The trial court's judgment of dismissal is reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellees, Tennessee Farmers Mutual Insurance Company and Lee Brooks, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE