IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 18, 2025 Session

## JOHN WINDER v. KENNETH WOODS ET AL.

**Appeal from the Circuit Court for Fayette County**
**No. 23-CV-72        J. Weber McCraw, Judge**

———————————————————

**No. W2024-00595-COA-R3-CV**

———————————————————

This appeal concerns a dismissal for lack of service of process. The trial court determined that appellant failed to properly effectuate service and comply with Tennessee Rule of Civil Procedure 4. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

John Winder, Memphis, Tennessee, *Pro Se*.

Jay R. McLemore and Donald R. Ferguson, Franklin, Tennessee, for the appellee, Allstate Insurance Company.

**MEMORANDUM OPINION[1]**

### I.        BACKGROUND

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The underlying facts in this matter are rather convoluted and, at times, difficult to discern.[2] On December 27, 2023, John Winder ("Appellant") filed a complaint in the Fayette County Circuit Court against Kenneth and Kecia Woods (the "Woods"), Daniel Lofton, and Allstate Insurance Company ("Allstate") (collectively, "Defendants"). Appellant posited many causes of action against Defendants including fraud, defamation, negligence, gross negligence, breach of fiduciary duty, civil conspiracy, embezzlement, recklessness, and fraudulent inducement. Appellant sought a judgment "in excess of" $100,000,000.

The complaint filed on December 27, 2023, was not filed with any summonses and did not otherwise indicate that the named parties were notified of the action. On February 21, 2024, Appellant filed a summons with the trial court indicating that he mailed the complaint to "Daniel Lofton" on December 27, 2023. The trial court issued the summons on January 26, 2024. Appellant attached a certified return mail receipt signed by Lofton on January 2, 2024. Appellant then filed an affidavit asserting that he attempted to serve the Woods via private processor, but they could not be found in Tennessee.

The record also contains a separate summons directed to Allstate. This summons was also issued by the trial court on January 26, 2024. The summons indicates that "a certified copy of the summons and a copy of the complaint" were mailed to Allstate on December 27, 2023. Appellant indicated that on December 30, 2023, he received the return receipt from Allstate, which was signed on December 30, 2023. The Allstate summons was filed with the trial court on February 21, 2024. On February 21, 2024, Appellant filed a request for entry of default against Allstate and Lofton. To support the request for entry of default against Allstate, Appellant attached a USPS receipt and certified return receipt showing documents were sent to Allstate at its office in Naperville, Illinois.

On February 29, 2024, the Woods, through their attorney Daniel Lofton, filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(2), (4), (5), and (6). The Woods asserted that the court previously dismissed a separate matter that raised the same allegations. The Woods further contended that no summons was issued or validly served at the time Appellant filed the complaint as required by Tennessee Rule of Civil Procedure 4.01(1). However, Appellant asserted that Paul Craig, Daniel Lofton's colleague, accepted service on behalf of Lofton on February 29, 2024, in compliance with Rule 4 of the Tennessee Rules of Civil Procedure. The trial court held the hearing for the motion to dismiss filed by the Woods and Lofton on March 11, 2024. The trial court granted the Woods' and Lofton's motion to dismiss for "failure to issue a summons at the time of filing the [c]omplaint and [ ] the attempted service of the [c]omplaint was made without a summons being delivered." Neither the Woods nor Lofton participated in this appeal. [3]

---

[2] The record refers to numerous lawsuits, police complaints, and general grievances against all parties; however, this background is inconsequential to the outcome of this appeal.

[3] This Court issued a show cause order on July 16, 2025, directing the Woods and Lofton "to file

- 2 -

Allstate filed a limited entry of appearance to address "the serious jurisdictional and service of process defects." Allstate subsequently filed a motion to dismiss on March 8, 2024. Through order entered April 1, 2024, the trial court granted Allstate's motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(4) and 12.02(5). The trial court reasoned that "Rule 4.05(3) governs service on an out of state corporation and the summons and complaint 'shall be' addressed to the appropriate officer or agent authorized to receive service." The trial court determined that Appellant failed to comply with Rule 4 of the Tennessee Rules of Civil Procedure. The trial court concluded that "[a]s all defendants have now been dismissed from this action under Rule 12.02, this [o]rder, pursuant to Rule 54.01 and 54.02(1), shall be considered final."

Appellant timely filed a notice of appeal with this Court on April 1, 2024.

## II.    ISSUE

In his brief, Appellant poses many issues for this Court's review, which we have consolidated into one question:
1.  Whether the trial court properly dismissed the complaint against the Defendants for failure to comply with Tennessee Rules of Civil Procedure 4.02, 4.04, and 4.05.

## III.    STANDARD OF REVIEW

The trial court dismissed the action due to Appellant's failure to properly serve the Defendants with a summons in compliance with Rule 4 of the Tennessee Rules of Civil Procedure. Such a motion is presented pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure, subsections (2), (4), and (5). *See McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011).

A motion to dismiss pursuant to Rule 12.02:

tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can

---

appellate briefs within ten (10) days of entry of this order or else show cause why this appeal should not be submitted upon the record and the briefs of Appellant and Appellee Allstate Insurance Company only." Neither the Woods nor Lofton made an appearance, thus our review is confined to the record and the briefs of Appellant and Allstate.

prove no set of facts in support of her claim that would entitle her to relief. In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997) (internal citations omitted); *see also McNeary,* 360 S.W.3d at 436; *Faulks v. Crowder*, 99 S.W.3d 116, 125 (Tenn. Ct. App. 2003).

## IV.   DISCUSSION

We begin our discussion by noting that Appellant is appearing *pro se*.  As this Court has repeatedly observed:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.,* 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.,* 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt,* 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley,* 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).  Although the Court is aware of the disadvantages this may present to a *pro se* litigant in preparing an appellate brief, all litigants must nevertheless substantively comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals. *See id*.; *Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000). This includes raising the issues for review on appeal. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). "[J]udges are not like pigs, hunting for truffles" that may be buried in the record, *Flowers v. Bd. of Pro. Resp.*, 314 S.W.3d 882, 899 n.35 (Tenn. 2010) (citation omitted), or, for that matter, in the parties' briefs on appeal. *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015).

We now turn to the substantive issue before this Court. A court obtains personal jurisdiction over a defendant by service of process. *Ramsay v. Custer,* 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012); *see also Johnson v. McKinney,* 32 Tenn. App. 484, 222 S.W.2d 879, 883 (1948) ("The general rule is that notice by service of process or in some other manner provided by law is essential to give the court jurisdiction of the parties; and a judgment rendered without such jurisdiction is void and subject to attack from any angle."). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay,* 387 S.W.3d at 568; *see also Overby v. Overby,* 224 Tenn. 523, 457 S.W.2d 851, 852 (1970) ("That a judgment [i]n personam against a defendant who is not before the court either by service of process or by entry of appearance is void there can be no question. It is well settled that a judgment rendered against a defendant in any kind of a case, when process has never been served on him . . . *in the way provided by law . . .* and where there has been no voluntary appearance of the defendant, *is clearly void*.") (emphasis added) (citation and internal quotations omitted).

Under Tennessee Rule of Civil Procedure 4.04, service may be effected:

Upon a domestic corporation, or a foreign corporation doing business in this state, *by delivering a copy of the summons and of the complaint* to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4) (emphasis added). "The summons shall state the name and address of the plaintiff's attorney, if any; otherwise, it shall state the plaintiff's address." Tenn. R. Civ. P. 4.02. These rules are to be strictly construed. *See Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010). Service may be affected by certified mail. Tenn. R. Civ. P. 4.04(10) ("If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph."). The Tennessee Supreme Court has held that personal service of process is the preferred method of service upon an individual defendant pursuant to Rule 4. *Hall*, 319 S.W.3d at 572. Service may also be had upon "an agent authorized by appointment or by law to receive service on behalf of" the defendant. *Id.* The Court made clear that "[i]n the workplace context, service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf." *Id.* Rather, an authorized agent must either have express authority from the defendant to accept service on his behalf or implied authority stemming from "some act or acquiescence of the principal." *Id.* at 573. The record must contain "evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant." *Id.* (citing *Arthur v. Litton Loan Servicing LP*, 249 F.Supp.2d 924, 929

(E.D. Tenn. 2002)); *see also Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at *3 (Tenn. Ct. App. Nov. 21, 2008) (noting that service to a physician's assistant was insufficient where the plaintiff did not show that the assistant was an authorized agent). The purpose of these provisions is "to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings." *Garland v. Seaboard Coastline R. Co.*, 658 S.W.2d 528, 530 (Tenn. 1983).

Tennessee Rule of Civil Procedure 4.05 sets forth the manner in which service of process may be accomplished on an out-of-state individual or entity:

> Service by mail upon a corporation shall be addressed to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.05(3). Key to our analysis of the facts of this case is Rule 4.03, which provides that when process is served by mail, "[i]f the return receipt is *signed by the defendant, or by a person designated by Rule 4.04 or by statute*, service on the defendant shall be complete." Tenn. R. Civ. P. 4.03(2) (emphasis added). The record must establish that the plaintiff complied with the requisite procedural rules for service to be effective. *Turner*, 473 S.W.3d at 271. Further, "the rule on serving corporations through their authorized agents 'contemplates service on agents either expressly or impliedly appointed by the defendant organization as agents to receive process.'" *Hall v. Haynes*, 319 S.W.3d 564, 574 (2010) (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1101, at 557 (3d ed. 2002)).

The "apparent purpose" of Rule 4 is "to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings." *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 530 (Tenn.1983). "In the workplace context, service is not effective when another employee whom the individual defendant has not appointed as an agent for service of process nonetheless accepts process on the defendant's behalf." *Hall*, 319 S.W.3d at 572. Thus, "specific authority to receive and accept service of process for the defendant is required, and mere acceptance of process in a single instance does not constitute valid service." *Id.* at 574 (internal citation omitted).

When the motion to dismiss is based on jurisdictional issues, such as failure of service of process, the court may consider matters outside the pleadings without converting the motion into one for summary judgment. *Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660, at *3 (Tenn. Ct. App. Oct. 9, 2018) (citing *Nicholstone Book Bindery, Inc. v. Chelsea House Publishers*, 621 S.W.2d

560, 561 n.1 (Tenn. 1981)); *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052, at \*3 (Tenn. Ct. App. May 3, 2013) (concluding that, although the trial court considered matters outside pleadings, it properly treated a motion to dismiss for lack of service of process as a motion to dismiss rather than one for summary judgment).

### 1. Dismissal of the Woods and Lofton

Appellant argues that the trial court erred in dismissing the complaint for failure to comply with Rule 4 of the Tennessee Rules of Civil Procedure. Appellant asserts that he sent the complaint to Lofton personally, not in Lofton's representative capacity of the Woods. Neither the Woods nor Lofton made an appearance on appeal. Our review of the record indicates that Appellant failed to comply with Tennessee Rule of Civil Procedure 4, which deprived the trial court of personal jurisdiction. Appellant filed the operative complaint on December 27, 2023; however, the summons was not issued by the trial court until January 26, 2024. Appellant then filed on February 21, 2024, the summons indicating that "a copy of the summons and a copy of the complaint" was mailed to Lofton on December 27, 2023. Because the summons was not issued until January 26, it could not have been served with the complaint as attested to by Appellant on the return of service. Further, the summons did not include the plaintiff's name and address as required by Rule 4.02.

Appellant notes in his brief that Lofton's colleague, Paul Craig, signed a certified return receipt indicating acceptance of service. From our review of the record, there is no indication that Lofton—expressly or impliedly—authorized Craig to accept service of process of lawsuits on his behalf nor does Appellant make that argument before this Court on appeal. Accordingly, we affirm the judgment of the trial court as to the dismissal of the Woods and Lofton for failure to comply with Rule 4 of the Tennessee Rules of Civil Procedure.

### 2. Dismissal of Allstate

We next turn to whether Appellant properly served Allstate, an out-of-state corporate defendant. Allstate argues that the trial court properly dismissed the complaint on the basis of insufficiency of process because the summons was not served with the complaint and lacked any contact address information for Appellant as required by Rule 4.02. Allstate further argues that the trial court's dismissal was proper because Appellant did not mail the complaint and summons to Allstate's registered agent and did not make an effort to identify Allstate's registered agent pursuant to Rule 4.05. Appellant asserts that the trial court "incorrectly concluded that service on Allstate Insurance Company was defective despite evidence that a registered agent received the summons[.]"

Upon our review of the record, the evidence does not preponderate against the trial court's finding that Appellant failed to properly effectuate service of process pursuant to

the Tennessee Rules of Civil Procedure on an out-of-state corporate defendant. Similar to the summons for Lofton, the summons for Allstate was issued by the trial court on January 26, 2024. Appellant then filed the summons indicating that "a copy of the summons and a copy of the complaint" was mailed to Allstate on December 27, 2023. Since the summons was not issued until January 26, it could not have been served with the complaint on December 27 as attested to by Appellant on the return of service. Further, the summons did not include the plaintiff's name and address as required by Rule 4.02. Additionally, the return receipt attached to the summons for Allstate indicates that it was mailed to "Allstate Ins. Co." at an address in Naperville, Illinois, which is a general address of the corporation. The return receipt is signed by "L. Stave," who is a general mailroom employee and not a registered agent for service pursuant to Rule 4.

Accordingly, Appellant did not comply with Rule 4.05 concerning service to a defendant outside of the state. The complaint and summons were not served together as required by Rule 4.04. Further, Appellant provided no proof that "L. Stave" was Allstate's authorized agent for receipt of service of process. There is no evidence in the record that Allstate intended to confer the specific authority to receive and accept service of process on Allstate's behalf upon "L. Stave". Thus, we affirm the trial court's dismissal of Allstate for insufficient process and insufficient service of process. Issues not addressed by this Opinion are pretermitted as moot.

## V.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to Appellant, John Winder, for which execution may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE