Linda Faye VANHOOSER and Kimberly Tuck, Plaintiffs/Appellants,

v.

Warren K. LING and Patricia T. Daughtry, Defendants/Appellees.

Warren L. LING and Tammy White Ling, Plaintiffs,

v.

Patricia DAUGHTRY, Defendant.

Court of Appeals of Tennessee, Middle Section at Nashville.

Oct. 27, 1993.

Application for Permission to Appeal Denied by Supreme Court, March 7, 1994.

John R. Phillips, Jr., Phillips & Ingrum, Gallatin, for plaintiffs-appellants.

Joseph B. Klockenkemper, II, Ortale, Kelley, Herbert & Crawford, Nashville, for defendants-appellees.

## *OPINION*

TODD, Presiding Judge.

An interlocutory appeal was granted by the Trial Court and this Court to review the action of the Trial Court in the first captioned case in dismissing plaintiffs' suit against one of the defendants, Warren K. Ling, for hiatus in process. The second captioned case is not before this Court on appeal, but its record was certified to this Court for reasons which will appear hereafter.

On August 6, 1991, the captioned plaintiffs filed the first captioned suit against the captioned defendants alleging that they were

injured on August 11, 1990, while passengers in a vehicle operated by Daughtry, which was in collision with a vehicle operated by Ling. Process was issued for both Daughtry and Ling. Daughtry was served, but process for Ling was returned unserved on August 20, 1991.

So far as this record shows, no further process was issued against Ling until February 14, 1992, when a summons was issued for him and returned unserved on February 20, 1992. On August 18, 1992, a third summons was issued for Ling and returned unserved on August 25, 1992. On September 15, 1992, a fourth summons was issued for Ling and duly served on him on September 18, 1992.

Ling moved to dismiss for failure to timely reissue summons as required by T.R.C.P. Rule 3, and for expiration of the statute of limitations on personal injury suits.

Plaintiffs' response to the motion was based upon the following proceedings:

On August 9, 1991, three days after the filing of the captioned suit, Warren K. Ling and Tammy White Ling filed a separate suit against Patricia T. Daughtry for damages sustained in the same, August 11, 1990, collision.

On November 1, 1991, the Trial Court entered an order consolidating for trial the cases of Vanhooser, et al against Ling, et al with the case of Ling, et al against Daughtry.

On February 14, 1992, under the combined captions of Vanhooser, et al v. Warren K. Ling, et al and Warren K. Ling, et al v. Daughtry, the following document was filed:

I hereby certify that a true and exact copy of the original Complaint in the matter of *Linda Faye Vanhooser and Kimberly Tuck vs. Warren K. Ling and Patricia Daughtry*, Docket No. 91C–2272, has been placed in the U.S. Mail, postage prepaid, to Attorney James V. Barr, III, 2120 Crestmoor Road, Suite 2008, Nashville, Tennessee 37215, the attorney of record for the Defendant, Warren K. Ling, on this 12th day of February, 1992.

Respectfully submitted,

PHILLIPS & INGRUM

By: /s/JOHN R. PHILLIPS, JR.

Attorney for Vanhooser/Tuck
117 East Main Street
Gallatin, TN 37066
(615) 452–8030

On appeal, plaintiffs present two issues, as follows:

I. Was personal service of process waived or otherwise unnecessary following consolidation of actions involving common parties?

II. Was plaintiffs' counsel's certification and mailing of complaint and summons to defendant's attorney of record a "recommencement" and effective service of process?

T.R.C.P. Rule 3 reads as follows:

**Commencement of Action**

All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or if process is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff either:

(1) Continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons, or

(2) Recommences the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons. [As amended July 1, 1979, and by order adopted January 24, 1992, effective July 1, 1992.]

Plaintiffs concede that the second summons issued on February 14, 1992, was issued more than six months after the issuance of the first, unserved, summons on August 6, 1991. However, plaintiffs insist that the con-

solidation of their suit with the suit of Ling v. Daughtry, and the above quoted "certification," render unnecessary any service of original process upon Ling in respect to the suit against him.

Plaintiffs cite *Grosfelt v. Epling*, Tenn. App.1986, 718 S.W.2d 670, wherein a paternity action was filed against a new resident who was never served with process. However, an attorney appeared for the defendant and participated in protracted proceedings regarding blood tests, including a motion to transfer the case from the Juvenile Court to the Circuit Court. A subsequent motion to dismiss for lack of personal jurisdiction was overruled. This Court affirmed, holding that the participation of counsel in protracted proceedings without preserving a status of limited appearance was a waiver of personal jurisdiction.

■ In the present case, there were two distinct cases involving different parties, Ling being an unserved defendant in one case and a plaintiff in the other. The order of the Trial Court did not consolidate the two cases for all purposes, but only for trial. The consolidation of the cases for trial did not make an unserved party to one case a served party in that case.

■ There is no evidence that Warren K. Ling participated in any proceedings in the case of *Vanhooser, et al. v. Ling, et al.* It is true that notice of the motion to consolidate was sent to counsel who represented Mr. Ling as plaintiff in *Ling v. Daughtry,* and the order to consolidate was entered without objection. However, counsel of record for Ling in *Ling v. Daughtry* was not necessarily counsel for Ling in *Vanhooser v. Ling.* At the time of the consolidation, there was no counsel of record for Ling in *Vanhooser v. Ling,* so that notice to counsel for Ling in *Ling v. Daughtry* was not notice to Ling in *Vanhooser v. Ling,* and the participation of counsel for Ling in *Ling v. Daughtry* was not participation of unserved and unrepresented Ling in *Vanhooser v. Ling.*

Plaintiffs cite *Patterson v. Rockwell International,* Tenn.1984, 665 S.W.2d 96, which involved a single case in which the defendant waived process by participation. The pres-

ent appeal involves two cases, in one of which defendant did not participate and in the other of which the defendant filed as plaintiff. For the reason already stated, the participation of a lawyer employed by plaintiff in one case did not affect the rights of same person as defendant in the other case in which defendant had neither been served nor retained counsel.

Plaintiffs cite *Green v. Mapco Petroleum,* 133 F.R.D. 506 (W.D.Tenn.1990), a federal trial court decision wherein process was erroneously served upon the wrong defendant, but a copy was sent to the true defendant. The Federal Court granted relief from the strict rule on time of renewal of process. The facts in the cited case distinguish it from the present case.

In *Little v. Franceschini,* Tenn.App.1985, 688 S.W.2d 91, more than six months elapsed after the issuance of an unserved summons. After the expiration of the six months without reissuance of summons, a nonsuit was entered. A second suit was brought more than a year after the nonsuit. This Court affirmed dismissal on the grounds that the suit was not saved from the bar of the statute of limitation by the saving statute, T.C.A. § 28-1-105, because the second suit was not filed within one year after the entry of nonsuit. However, this Court did discuss the effect of the failure to timely renew process in the first suit as it related to the possibility that the second suit was saved by having been filed within one year of the lapse or abatement of the first suit by failure to timely renew process. This Court held that such lapse or abatement occurred at the end of six months after issuance of subpoena without reissuance of alias, or subpoena, as provided by T.R.C.P. Rule 3. In the cited case, the new suit was untimely with reference to the date of lapse of process, abatement, or nonsuit.

Whether *dicta* or not, the cited holding of this Court is a correct statement of the law, which is controlling in the present case.

Plaintiffs seek to distinguish *Little v. Franceschini,* and to avoid the clear provision of Rule 3 by stating that the "certificate" was "served" upon "defendant's attorney." As previously pointed out, "defendant's attor-

ney" was the representative of Ling only as plaintiff in the case in which he was counsel of record, and not another case in which he did not represent Ling as defendant.

Plaintiffs rely upon *Advey v. Celotex*, 962 F.2d 1177 (6th Cir.1992), wherein it was held that a motion to amend to add plaintiff to an existing suit was an "action" for the purpose of T.C.A. § 28–1–105. The authority is distinguishable on the ground that, in the cited case, the defendant was already before the Court as a defendant, and the motion to amend extended jurisdiction over defendant as such. In the present case, Ling was before the court as a plaintiff in the second suit, and the plaintiffs seek to add Ling to the second suit as a third party defendant by consolidation of cases for trial. A motion to implead a third party defendant cannot be disguised in the cloak of a motion to consolidate. The office of the motion to consolidate was to join two suits in their existing state, that is, including the parties before the Court—not to substitute for a motion to add parties or to effect service of process. The order on the motion was limited to consolidation for trial, only, and not otherwise.

In *Keicher v. Mysinger*, 184 Tenn. 226, 198 S.W.2d 330 (1946), the Supreme Court held that an attorney's employment to bring suit does not authorize him to accept service of process in defendant's cross action against him. Even more obvious is the justice and reason of the rule that authority of an attorney to bring a suit does not include authority to waive service of process in a suit brought by strangers to the suit being handled by the attorney. It should be emphasized that plaintiffs' effort to obtain personal jurisdiction of Ling by consolidation is not in the nature of a counterclaim, for Ling has not sued the plaintiffs.

Plaintiffs argue correctly that the timely filing of a second complaint is an adequate substitute for the reissuance of the original, unserved process. Rule 3 requires that the action be continued by the filing of a new complaint and process. This Court does not conceive that the execution of a "certificate" by counsel is equivalent to the filing of new complaint and process. Moreover, the "certificate" was not filed within six months after the filing and issuance of the first, unserved, process.

This Court does not view such a "certificate" as the equivalent of a recommencement of the action within one year as contemplated by Rule 3, which provides that:

All actions are commenced by filing a complaint and summons with the Clerk of the Court.

There is no provision for beginning an action by serving a "certificate" or complaint upon an attorney who represents the plaintiff in another case involving other parties.

Having failed to comply with the provisions of Rule 3 by timely reissuance of summons or timely filing of a new suit, plaintiffs have subjected themselves to the bar of the one year statute on actions for personal injuries. T.C.A. § 28–3–104.

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged against plaintiffs. The cause is remanded to the Trial Court for any necessary, further proceedings.

Affirmed and Remanded.

CANTRELL and KOCH, JJ., concur.