**Dixie J. ARTHUR and Carletta Davis, Plaintiffs,**

v.

**LITTON LOAN SERVICING LP; Steve Jetter; U.S. Bank National Association, as Trustee Under the Pooling and Servicing Agreement Dated as of May 2000, Among Financial Asset Securities Corp., as Depositor, Greenwich Capital Financial Products, Inc., as Seller, Litton Loan Servicing, LP, as Servicer; and U.S. Bank National Association, as Trustee, Soundview**

Home Equity Loan Asset–Backed Certificates, Series 2000–1, Without Recourse, and Arnold M. Weiss, Substitute Trustee Under a Deed of Trust Executed October 29, 1999 by Dixie J. Arthur and Carletta Davis to Transcontinental Title, as Trustee, Defendants.

No. 1:02–CV–285.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Nov. 19, 2002.

Hugh J. Moore, Jr., Shumaker, Witt, Gaither & Whitaker, PC, Chattanooga, TN, Whitney Durand, Southeast Tennessee Legal Services, Chattanooga, TN, for plaintiffs.

Gregory C. Logue, Chad D. Emerson, Woolf, McClane, Bright, Allen & Carpenter, Knoxville, TN, for Litton Loan Servicing, LP, Steve Jetter, U.S. Bank National Ass'n., defendants

Valerie A. Spicer, Unknown, Richard T. Klingler, Kennedy, Fulton, Koontz & Farinash, Chattanooga, TN, for Arnold M. Weiss, defendant.

### *MEMORANDUM AND ORDER*

EDGAR, Chief Judge.

Defendants Litton Loan Servicing LP ("Litton") and U.S. Bank National Association ("U.S.Bank") removed this case from the Chancery Court in Hamilton County, Tennessee. There are two motions before the Court. Plaintiffs move to remand pursuant to 28 U.S.C. § 1447(c) contending that Litton has been served with process and Litton failed to timely file the notice of removal within the 30–day time limit provided in 28 U.S.C. § 1446(b). [Court File No. 8]. Litton and U.S. Bank oppose the motion.

After reviewing the record, the Court concludes the plaintiffs' motion to remand is **DENIED**. The 30–day time

limit in § 1446(b) for filing a notice of removal is not triggered and does not begin to run until the plaintiffs effect service of process upon the defendant. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Because the plaintiffs have not effected service of process upon Litton and U.S. Bank, these defendants have timely removed this civil action pursuant to 28 U.S.C. § 1446(b).

Litton and U.S. Bank move pursuant to FED. R. CIV. P. 12(b)(5) to dismiss the plaintiffs' complaint against them on the ground of insufficient service of process. [Court File No. 3]. In the alternative, the defendants move that the insufficient service be quashed and the plaintiffs be ordered to effect proper service of process within 30 days. Plaintiffs respond that they have effected sufficient service of process upon Litton, but concede there is a lack of service of process upon U.S. Bank. [Court File No. 6].

The Court agrees with Litton and U.S. Bank that the plaintiffs' efforts to effect service of process upon them are deficient. Instead of dismissing the complaint against Litton and U.S. Bank, the Court will grant the plaintiffs an extension of time to effect service of process. The Court **RESERVES** ruling on the defendants' Rule 12(b)(5) motion to dismiss.

## I. *Background*

On June 4, 2002, the plaintiffs filed their complaint in Chancery Court in Hamilton County, Tennessee. Plaintiffs attempted to effect service of process upon Litton by having a deputy sheriff in Shelby County, Tennessee, deliver the summons and complaint to Arnold M. Weiss ("Weiss") on July 15, 2002. Weiss, an attorney-at-law in Memphis, Tennessee, did not refuse delivery of the summons and complaint for Litton.

Plaintiffs likewise attempted to effect service of process upon U.S. Bank by having the same Shelby County deputy sheriff deliver a summons and complaint to Weiss on July 15, 2002. However, Weiss refused to accept these documents on behalf of U.S. Bank. Plaintiffs concede that U.S. Bank has not been served with process. [Court File No. 8, p. 2 n. 1].

After the summons and complaint for Litton were delivered to Weiss on July 15, it appears that Weiss, or some other person in his law office, notified Litton. On July 16, 2002, an attorney in the Weiss law office, Valerie Ann Spicer ("Spicer"), wrote a letter to the plaintiffs' counsel stating that Spicer and Weiss had been retained to represent Litton in this case. Spicer requested an extension of time for Litton to file a responsive pleading. Based on Spicer's letter, the Court infers that Litton had actual notice of the pending suit no later than July 16, 2002.

For purposes of determining when service of process was effected on Litton and when Litton's 30–day time limit commenced to run for filing a notice of removal under 28 U.S.C. § 1446(b), it is immaterial whether Litton may have had actual notice of the pending suit. Actual notice does not constitute service of process on Litton pursuant to FED. R. CIV. P. 4(h) and TENN. R. CIV. P. 4.04(4). A defendant's actual knowledge of a lawsuit is no substitute for proper service of process. *LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir.1999); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155–56 (6th Cir.1991). Assuming *arguendo* that Litton had actual notice of the plaintiffs' suit on July 16, 2002, this did not trigger the 30–day time limit for Litton to file its notice of removal under § 1446(b) in the absence of formal service of process. *Murphy Brothers,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448.

On September 19, 2002, Litton and U.S. Bank filed a notice of removal in this federal district court pursuant to 28 U.S.C. § 1446. In the notice, Litton and U.S. Bank state the case is being removed prior to the plaintiffs effecting service of process.

## II. *Plaintiffs' Motion to Remand [Court File No. 8]*

To lay the groundwork for analyzing the motion to remand, we review 28 U.S.C. § 1446(b) and *Murphy Brothers*, 526 U.S. 344, 119 S.Ct. 1322. 28 U.S.C. § 1446(b) provides in part that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." Prior to *Murphy Brothers*, some federal courts recognized that the phrase "or otherwise" in § 1446(b) hinted it was possible for a defendant to receive the plaintiff's initial pleading or complaint, prior to the plaintiff effecting service of process, and this could trigger the 30–day time limit for the defendant to file a notice of removal. In 1993, the Sixth Circuit reviewed § 1446(b) and adopted what is commonly referred to as the "receipt rule." *Tech Hills II v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 966–68 (6th Cir.1993). Under the receipt rule, the time for filing a notice of removal pursuant to § 1446(b) commenced to run when the defendant actually received a copy of the initial pleading which on its face set forth a removable claim, even though the plaintiff had not effected service of process.

The receipt rule adopted by the Sixth Circuit in *Tech Hills II* has been abrogated by the United States Supreme Court and is no longer good law. In *Murphy Brothers*, the Supreme Court rejected the receipt rule. It reasoned that service of process is fundamental to any procedural imposition on a defendant. In the absence of service of process or a waiver of service of process by the defendant, a federal court ordinarily cannot exercise personal jurisdiction over the defendant. *Murphy Brothers*, 526 U.S. at 350, 119 S.Ct. 1322; *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Friedman*, 929 F.2d at 1156; *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir.1976). The Supreme Court in *Murphy Brothers* interprets 28 U.S.C. § 1446(b) in light of the bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, *i.e.*, personal jurisdiction, by formal service of process. A defendant's 30–day time limit to file a notice of removal under § 1446(b) is triggered by simultaneous service of the summons and complaint, or the defendant's receipt of the complaint "through service or otherwise" after and apart from the service of summons, but not by the defendant's mere receipt of the complaint unattended by formal service of process. *Murphy Brothers*, 526 U.S. at 347–48, 119 S.Ct. 1322; *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3732, Pocket Part (2002).

In the wake of *Murphy Brothers*, this Court focuses its attention on the key issue whether the plaintiffs in the instant case have effected service of process. Plaintiffs contend that remand is necessary because Litton did not timely file the notice of removal within the 30–day limit required by § 1446(b). The plaintiffs' position is predicated on the erroneous premise that they effected service of process upon Litton on July 15, 2002, when the summons and complaint for Litton were delivered to Weiss. The plaintiffs' motion to remand is without merit because the record shows

that the plaintiffs have not effected service of process upon Litton.

FED. R. CIV. P. 4(h) provides in part that service of process upon a corporation, which has not waived service, shall be effected in a judicial district of the United States in the manner prescribed for service on individuals in FED. R. CIV. P. 4(e)(1), or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" on behalf of the corporation. FED. R. CIV. P. 4(e)(1) provides that service of process may be effected in any judicial district of the United States pursuant to the law of the state in which the federal district court is located or the state in which service is effected. Consequently, this Court also looks to Tennessee law governing service of process on corporations. TENN. R. CIV. P. 4.04(4) provides that service of process shall be made upon a corporation by delivering a copy of the summons and complaint to "an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."

The Court finds that the plaintiffs have not effected service of process upon Litton in accordance with FED. R. CIV. P. 4(h) or TENN. R. CIV. P. 4.04(4). There is no probative proof in the record showing that Weiss was a corporate officer, managing agent, or other agent of Litton authorized by appointment or law to receive service of process for Litton. Litton submits the sworn declaration of Christopher Wyatt [Court File No. 7, Ex. 1], who states that at no time has Litton appointed Weiss, either individually of through his law firm, to be Litton's registered agent for service of process. Plaintiffs have not refuted Christopher Wyatt's affidavit.

Plaintiffs allege that Weiss was Litton's appointed agent for service of process relying on the fact that when a deputy sheriff delivered the summons and complaint for Litton to Weiss, he accepted it. The Court concludes this is insufficient to prove service of process. The mere fact that Weiss did not decline or refuse to accept the summons and complaint does not conclusively demonstrate that Weiss was Litton's appointed agent for service of process.

The matter is explained in 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1097 pp. 536–39 (2002) ("WRIGHT & MILLER"). The mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean the person is authorized to receive service of process on the defendant's behalf. The federal courts examine the circumstances of the agency relationship. Although authority to receive service of process need not be explicit, it must be either express or implied from the type of relationship which has been established between the defendant and the alleged agent. The bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid service of process. There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant. The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred. *Id.*

In the present case, the plaintiffs have not come forward with any proof that Litton specifically authorized Weiss to act its agent to receive service of process for Litton. Plaintiffs only assert that Weiss was an attorney for Litton in matters relating to the underlying facts of this litiga-

tion. More specifically, plaintiffs contend Weiss sent letters to them demanding payment and threatening foreclosure on the property. The Court is not persuaded that the attorney-client relationship makes Weiss the appointed agent for service of process for Litton.

 An agent's authority to accept service of process may be implied in fact. *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed.Cir.1997). However, the mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf. It cannot be implied from the attorney-client relationship that Weiss is authorized to accept service for his client, Litton. *Ziegler Bolt*, 111 F.3d at 881; *U.S. v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d 1306, 1313 (10th Cir.1994); *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1094 (2nd Cir. 1990) (Service of process on attorney who is not authorized to accept service for his client is ineffective); *Ransom v. Brennan*, 437 F.2d 513, 518–19 (5th Cir.1971) (Service of process is not effectual on an attorney solely by reason of his capacity as an attorney); *Schultz v. Schultz*, 436 F.2d 635, 639–40 (7th Cir.1971); *Davies v. Jobs & Adverts Online, Gmbh*, 94 F.Supp.2d 719, 722 (E.D.Va.2000); *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639 (S.D.Fla.1982); 4A WRIGHT & MILLER § 1097.

Plaintiffs cite *Garland v. Seaboard Coastline R. Co.*, 658 S.W.2d 528, 531 (Tenn.1983). In *Garland*, the Supreme Court of Tennessee recognized that some federal courts held that with regard to service of process upon a partnership, unincorporated association or corporation, former FED. R. CIV. P. 4(d)(3), the federal counterpart to then TENN. R. CIV. P. 4.04(3) and (4), did not require that service be made solely upon a restricted class of formally titled officials. Rather, the rules of civil procedure permitted service to be made upon a representative so integrated with the organization that he will know what to do with the summons and complaint. "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Garland*, 658 S.W.2d at 531 (quoting *Insurance Company of North America v. S/S "Hellenic Challenger,"* 88 F.R.D. 545, 547 (S.D.N.Y.1980)).

The plaintiffs' reliance on *Garland* here is misplaced. *Garland* is readily distinguishable on the facts and the law from the instant case. In *Garland*, the Tennessee Supreme Court discussed the general rule and determined that service of process had been effected upon a defendant unincorporated association when the summons and complaint were served on a man who was the chief agent in charge of the unincorporated association's activities in the Tennessee county where suit was filed. In the instant case, unlike *Garland*, there is no proof that Weiss is the "chief agent" in charge of Litton's corporate business in Hamilton County, Tennessee, where the plaintiffs brought this suit. Weiss resides and maintains his law office in the City of Memphis in Shelby County, Tennessee. Plaintiffs have not established valid service of process on Litton under TENN. R. CIV. P. 4.04(4) to the extent the rule provides that service of process can be effected upon a corporation by delivering a copy of the summons and complaint to the corporation's "chief agent in the county wherein the action is brought." *Garland* is inapposite.

Finally, the plaintiffs assert that Litton is the only proper party to file the notice of removal since U.S. Bank has not been served with process and U.S. Bank is not

properly before the Court. [Court File No. 8, p. 2 n. 1]. In other words, the plaintiffs contend that U.S. Bank did not have a right to file a notice of removal on September 19, 2002, because it had not been served with process. Plaintiffs do not cite any relevant law to support their position.

 The Court rejects the plaintiffs' contention. Litton and U.S. Bank have a right to file a notice of removal pursuant to 28 U.S.C. § 1446(a) and (b) before they are served with process. This is a case where a civil suit has been removed by two defendants pursuant to 28 U.S.C. § 1446 after the plaintiffs' complaint was filed in state court but prior to service of process. While this is a little out of the ordinary, it is permitted under 28 U.S.C. § 1446(b). Most civil actions are removed to the federal courts after service of process has been accomplished but this is not required in all cases. There is nothing in the plain language of § 1446(b) that precludes Litton and U.S. Bank from filing a notice of removal prior to the plaintiffs effecting service of process upon them. Service of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446. *Delgado v. Shell Oil*, 231 F.3d 165, 177 (5th Cir.2000), *cert. denied*, 532 U.S. 972, 121 S.Ct. 1603, 149 L.Ed.2d 470 (2001); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 576 (S.D.Ala. 1986). Service of process can be effected after removal. 28 U.S.C. § 1448; 4A WRIGHT & MILLER § 1082.

III. *Defendants' Motion to Dismiss Complaint for Insufficient Service of Process, or Alternative Motion to Quash Service and Require Plaintiffs to Effect Service of Process Within Thirty Days [Court File No. 3]*

The Court will not dismiss the plaintiffs' complaint against Litton and U.S. Bank at this juncture pursuant to FED. R. CIV. P. 12(b)(5) on the ground of insufficient service of process. The Court **RESERVES** ruling on the defendants' Rule 12(b)(5) motion to dismiss. [Court File No. 3].

The defendants' alternative motion to quash service and set a deadline for the plaintiffs to effect service of process is **GRANTED**. The plaintiffs' attempt to effect service of process upon Litton by delivering the summons and complaint to Weiss on July 15, 2002, is hereby **QUASHED**. On or before **January 17, 2003**, the plaintiffs shall effect service of process upon Litton and U.S. Bank, and file proof of service with this Court pursuant to FED. R. CIV. P. 4(*l* ). If the plaintiffs should fail to timely effect service of process, their complaint may be dismissed under FED. R. CIV. P. 4(m) and 12(b)(5). Because the case has been removed from state court, service of process shall comply with FED. R. CIV. P. 4. *See* 28 U.S.C. § 1448.

SO ORDERED.