IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2024

## WENDEE C. SAULSBERRY v. SHAVETTASHARE SHANNON ET AL

Appeal from the Circuit Court for Shelby County
No. CT-4164-21      Rhynette N. Hurd, Judge
_____

No. W2023-00532-COA-R3-CV
_____

The trial court dismissed the plaintiff's complaint in its entirety based on failure to serve the named defendants. Although we affirm the dismissal of the named defendants for insufficiency of service of process and expiration of the statute of limitations, we vacate the dismissal of the plaintiff's attempt to hold the uninsured motorist carrier liable under Tennessee Code Annotated section 56-7-1206.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

James Davis, Jr., Memphis, Tennessee, for the appellant, Wendee C. Saulsberry.

W. Christopher Frulla, Memphis, Tennessee, for the appellees, John Doe 1, John Doe 2, John Doe 3, Progressive Casualty Insurance Company, and Mountain Laurel Assurance Company.

Paul L. Burson, Memphis, Tennessee, for the appellees, Shavettashare Shannon and Billy Shannon.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it

## I. FACTUAL AND PROCEDURAL HISTORY

On October 14, 2021, Plaintiff/Appellant Wendee C. Saulsberry ("Appellant") filed a complaint against Defendants/Appellees Shavettashare Shannon and Billy Shannon ("the Shannons") and John Does 1 through 3 in the Shelby County Circuit Court ("the trial court"). The complaint related to an automobile accident that occurred on October 29, 2020, and sought damages of nearly $75,000.00 for both personal injuries and property damage. The complaint was assigned docket number CT-4164-21.

No summons was ever issued to any of the John Doe defendants. Rather, Appellant served a summons on her own uninsured motorist carrier, Appellee Mountain Laurel Assurance Company ("Mountain Laurel"),[2] as an unnamed defendant.[3] Summonses were issued to the Shannons on October 18, 2021, but both were returned with the notation "SERVICE INCOMPLETE" on February 17, 2022.

Mountain Laurel filed an answer on June 7, 2022, inter alia, denying that it was liable for any damages suffered by Appellant and asserting that the tortfeasor in this matter was not an uninsured motorist within the meaning of Tennessee Code Annotated section 56-7-1201 et seq.

On August 24, 2022, Appellant filed a motion to consolidate this lawsuit with a lawsuit in which the Shannons were suing Appellant under docket number CT-4379-21. The motion stated that both matters related to the same automobile accident. The trial court entered a consent order consolidating the two cases and transferring the matter to another division of the circuit court.

Exactly one year after the issuance of the summons to the Shannons, on October 19, 2022, the Shannons filed a motion to dismiss Appellant's claims against them on the ground that they had not been properly served and that the statute of limitations had expired.

---

shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] According to Mountain Laurel, Appellant issued the summons in the wrong name, but Mountain Laurel does not dispute on appeal that it was properly served.

[3] Tennessee Code annotated section 56-7-1206(a) provides, in relevant part, as follows:

Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name . . . .

Appellant responded in opposition to the motion to dismiss on October 20, 2022. Therein, Appellant asserted that counsel for the Shannons, C. Alex Jones, informed Appellant's counsel that she was permitted to accept service on behalf of the Shannons in docket number CT-4164-21, in return for Appellant's attorney accepting service of process in docket number CT-4379-21. In support, Appellant attached a January 31, 2022 email from Appellant's counsel, James Davis, to Attorney Jones, stating as follows:

> Here is the Complaint and Discovery. This is to confirm that you have accepted service of process on behalf of your clients. Please send me the counter complaint of your client. . . .
> Once I have your complaint, I will send it to my insurance company and we can move to consolidate the cases.

Attorney Jones responded later with the complaint against Appellant in CT-4379-21.[4] Appellant also filed the "affidavit" of Attorney Davis, wherein he stated that Attorney Jones "informed attorney James R. Davis that she was allowed and would accept service of process for her clients[.]" This "affidavit," however was neither signed nor sworn.

The Shannons filed a reply to Appellant's response on October 31, 2022. Therein, the Shannons asserted that while Attorney Jones did represent the Shannons in CT-4379-21, she "is *not* counsel" for the Shannons as defendants to Appellant's complaint. Moreover, in the above emails, Attorney Jones "does not . . . identify herself as defense counsel, nor does she make any statements accepting service for [the Shannons.]" Rather, the Shannons characterized the January 31, 2022 email as containing only "a unilateral statement" by Attorney Davis with "no confirming statement made whereupon Attorney Jones acknowledges authorization to accept service, agrees to waive service, accepts service as defense counsel, or otherwise[.]" As such, the Shannons asserted that Appellant failed to show that Attorney Jones was authorized by the Shannons to accept or waive service of process.

A hearing on the Shannons' motion to dismiss was held on December 16, 2022. In addition to counsel for Appellant and the Shannons, counsel for Mountain Laurel was also present. On January 6, 2023, the trial court entered an order granting the Shannons' motion to dismiss. As the order explained,

> [T]he Court finds that [Appellant] has not complied with TRCP 3 in that she has failed properly to reissue service to [the Shannons]. [Appellant] asserts [the Shannons'] counsel agreed to accept service on [the Shannons'] behalf. Although counsel for [the Shannons] would be permitted to accept service, nothing in the record indicates [the Shannons] authorized their counsel at the

---

[4] Specifically, the email from Attorney Jones stated "Sorry this took so long. Attached please find a copy of the complaint Shannon v. Saulsberry, et al. Let me know if there's anything else I should attach."

time to accept service.

> The Court has found that the cause of action arose on October 29, 2020. [Appellant] originally issued summons via the Secretary of State on October 18, 2021, as to [the Shannons]. It was returned Not to Be Found February 4, 2022. [Appellant], as of October 19, 2022, has not properly reissued service of process to [the Shannons]. The time for reissuing service has passed; therefore, [Appellant's] claims against [the Shannons] should be dismissed.

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above action, CT-4164-21,[5] be and the same is hereby dismissed with prejudice, with [Appellant] to bear the cost.

Appellant thereafter filed a motion to alter or amend the trial court's judgment on February 6, 2023. Therein, Appellant raised more detailed arguments that Attorney Jones was permitted to accept service of process on behalf of the Shannons. Appellant also asserted that the Shannons arguments should be precluded under the doctrine of equitable estoppel. In support of this motion, Attorney Davis filed a second affidavit detailing his conversations with Attorney Jones, which affidavit was signed and sworn.

The Shannons responded in opposition to the motion to alter or amend, arguing that the statements in Attorney Davis's affidavit were hearsay and inadmissible. The trial court thereafter denied Appellant's motion by order of March 16, 2023, ruling that there was "no basis, either in law or fact, to alter or amend the January 6, 2023 Order Dismissing this case with prejudice[.]" The trial court therefore ruled that the January 6, 2023 order "stands as the final Order in this case." Appellant then appealed to this Court.

After the record was filed with this Court, we came to question whether the trial court had in fact entered a final order. Specifically, we could not determine whether the trial court's order resolved the claims against John Does 1 through 3. As such, we directed Appellant to either supplement the record with a final judgment or show cause why this appeal should not be dismissed. Appellant responded that while the trial court's order did not mention the claims against the John Does or Mountain Laurel, the trial court's January 6, 2023 order dismissed Appellant's claims in their entirety. After a response was requested from Mountain Laurel, it confirmed that the trial court's order should be interpreted as dismissing all of the claims against all of the parties, named and unnamed, under docket number CT-4164-21. We thereafter entered an order on March 7, 2024, ruling that "the Court is satisfied that the order appealed is a final judgment."

## II. ISSUES PRESENTED

Appellant raises a single issue in her brief: whether the trial court erred in granting

---

[5] The docket number was added as a hand-written addition with the initials of the trial court judge.

- 4 -

the Shannons' motion to dismiss, resulting in the dismissal of both the claims against the Shannons and against unnamed defendant Mountain Laurel.

## III. STANDARD OF REVIEW

This Court has described the standard of review in this situation as follows:

> Considering an appeal from a trial court's grant of a motion to dismiss for insufficiency of service of process, we view all factual allegations in the complaint as true and review the trial court's conclusions of law de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Fisher v. Ankton*, No. W2016-02089-COA-R3-CV, 2017 WL 3611035, at *3 (Tenn. Ct. App. June 27, 2017) (citing *Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19 (Tenn. Ct. App. 2010)).
>
> Motions to dismiss are governed by Rule 12.02 of the Tennessee Rules of Civil Procedure and may include motions based upon insufficient service of process or failure to state a claim upon which relief may be granted. According to Rule 12.02: "If, on a motion asserting the defense [of] failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]" Tenn. R. Civ. P. 12.02. However, "even though the trial court consider[s] matters outside the pleading, the motion [is] still properly treated as a motion to dismiss since in involves [the] issue[] of service of process." *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052 (Tenn. Ct. App. May 3, 2013). In other words, when ruling on motions to dismiss regarding service of process, "a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment." *Fisher*, 2017 WL 3611035 at *3 (citing *Milton*, 2013 WL 1970052, at *3–*4).

*Davis v. Grange Mut. Cas. Grp.*, No. M2016-02239-COA-R3-CV, 2017 WL 4331041, at *2 (Tenn. Ct. App. Sept. 28, 2017). Moreover, "if a trial court must make inferences concerning a motion to dismiss, it must give 'the plaintiff the benefit of all reasonable inferences.'" *Eskridge v. NHC Healthcare Farragut, LLC*, No. E2019-01671-COA-R3-CV, 2020 WL 4530671, at *5 (Tenn. Ct. App. Aug. 6, 2020) (quoting *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). "A trial court should grant a motion to dismiss 'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Webb*, 346 S.W.3d at 426 (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)).

## IV. ANALYSIS

### A. The Shannons

Appellant first asserts that the trial court erred in dismissing her claims against the Shannons for insufficient service of process and expiration of the statute of limitations. Rule 4.04 of the Tennessee Rules of Civil Procedure provides that service upon an adult individual shall be affected by "by delivering a copy of the summons and of the complaint to the individual personally[.]" Tenn. R. Civ. P. 4.04(1) (providing an additional method of service if the defendant evades service). "[A]ctual notice of the lawsuit is not "a substitute for service of process when the Rules of Civil Procedure so require." *Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) (quoting *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002)). Rather, the rules regarding service of process are "stringent" in recognition of "the paramount significance of serving initial process, that is, 'the document, usually a summons, that brings the defendant before the court, asserts the court's jurisdiction over the case, and requires the defendant to respond.'" *Id.* at 574 n.7 (quoting *Lewis v. Bowen*, No. M2003-00985-COA-R3-CV, 2004 WL 2752811, at *3 (Tenn. Ct. App. Dec.1, 2004)).

When a summons is not served within ninety days, it shall be returned and may be reissued:

> If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

Tenn. R. Civ. P. 4.03(1). Rule 3 of the Tennessee Rules of Civil Procedure further provides that

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.

In this case, there is no dispute that only one summons was issued to each of the Shannons. The Shannons assert that these summonses were never properly served on them because (1) no summons was reissued after the initial summons was returned and more than ninety days from issuance had passed; and (2) Attorney Jones was not authorized to accept service on behalf of the Shannons. As such, the Shannons assert that the statute of

limitations was not tolled and that Appellant's claim is now time-barred.[6]

On appeal, however, Appellant asserts that service was properly accomplished on Attorney Jones as the authorized agent for the Shannons. In support of this claim, Appellant points to the email exchange between Attorney Davis and Attorney Jones as evidence of Attorney Jones's "agreement to and acceptance of [Attorney] Davis's offer" of reciprocal acceptance of service on the competing complaints via email. Appellant further argues that "[i]n the absence of direct testimony from the Shannons indicating that Jones lacked the authority to accept service on their behalf, Jones' agreement to accept service, as demonstrated by the exchanged emails between counsels, should be considered strong evidence of her actual authority."

"[T]he plaintiff has the burden of proving that the person he or she elected to serve is the defendant's authorized agent for service of process." *Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 WL 4896660, at \*5 (Tenn. Ct. App. Oct. 9, 2018) (citing *Milton*, 2013 WL 1870052, at \*6; *Eaton v. Portera*, No. W2007-02720-COA-R3-CV, 2008 WL 4963512, at \*4 (Tenn. Ct. App. Nov. 21, 2008)). Moreover, while "service of summons may be waived, the waiver must be by the defendant, himself, or by an attorney duly authorized by the defendant to do so." *Bobby Harwell, Partners v. Leach*, No. 88-125-II, 1988 WL 97229, at \*5 (Tenn. Ct. App. Sept. 23, 1988). "A defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred." *Morgan v. Superior Catering Servs.*, No. E2014-00005-COA-R3-CV, 2015 WL 1594011, at \*8 (Tenn. Ct. App. Apr. 7, 2016) (quoting *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002)). "In order to prove that an attorney is authorized to accept service of process on a client's behalf, there must be proof of client authorization to accept service." *Meersman*, 2018 WL 4896660, at \*5 (quoting *Keicher v. Mysinger*, 198 S.W.2d 330, 229-30 (Tenn. 1946) (holding that "[a]n attorney employed to bring suit does not by virtue of that employment have authority to accept service" but that an attorney "can be authorized to accept service of process for his client")). In other words, "the record must contain 'evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant.'" *Morgan*, 2015 WL 1594011, at \*8 (quoting *Arthur*, 249 F. Supp. 2d at 929).

Viewing the email exchange between Attorneys Davis and Jones in the light most favorable to Appellant and giving her all reasonable inferences, it may be possible to conclude that Attorney Jones's response to Attorney Davis was an agreement to accept

---

[6] "Personal injury actions have a one-year statute of limitations, while actions for injury to property have a three year statute of limitations." *State Farm Mut. Auto. Ins. Co. v. Blondin*, No. M2014-01756-COA-R3-CV, 2016 WL 1019609, at \*3 (Tenn. Ct. App. Mar. 14, 2016) (citing Tenn. Code Ann. § 28-3-104(a)(1); Tenn. Code Ann. § 28-3-105). The Shannons asserted that Appellant's claims were governed solely by the one-year personal injury statute of limitations; Appellant never argued otherwise in the trial court.

service on behalf of the Shannons. *Cf.* **Webb**, 346 S.W.3d at 426 (holding that a motion to dismiss is only proper when the plaintiff can prove no set of facts in support of its claims). What the emails do not establish, however, is that Attorney Jones was authorized by the Shannons to accept service of process on their behalf in such a manner.

Here, the proof shows that Attorney Jones did not represent the Shannons in the case filed by Appellant against them. This Court has specifically held that "an attorney's employment to bring suit does not authorize him to accept service of process in defendant's cross action[.]" **Vanhooser v. Ling**, 872 S.W.2d 913, 916 (Tenn. Ct. App. 1993). The cited emails do not indicate that the Shannons expressly authorized Attorney Jones to accept service of Appellant's complaint. Likewise, the emails fail to establish implied authority, in that they do not demonstrate that "the principal [i.e., the Shannons] specifically intended to confer authority on the agent [i.e., Attorney Jones] to receive and accept service of process on its behalf." **Meersman**, 2018 WL 4896660, at *4 (citing **Hall**, 319 S.W.3d at 573). Simply put, the emails show nothing on the part of the Shannons to authorize Attorney Jones to accept service of process on their behalf.

Although not referenced in Appellant's brief, we do note that the record contains two affidavits that purport to show that Attorney Jones represented to Attorney Davis that she had the express authority to accept service of process on behalf of the Shannons. The Shannons and Mountain Laurel both argue that the purported statements of Attorney Jones contained in the affidavits are hearsay. However, we do not reach that question or the question of whether these purported statements would meet Appellant's burden. Rather, our consideration of both affidavits is hindered by fatal infirmities.

First, the initial affidavit filed by Attorney Davis was neither signed nor sworn. As such, it does not constitute competent evidence. *See* **Sammons v. Collins**, No. 01-A-01-9009-CV-00325, 1991 WL 1056, at *1 (Tenn. Ct. App. Jan. 9, 1991) (holding that "[u]nsworn statements are not cognizable evidence").

The second affidavit was signed and sworn but was only submitted in connection with Appellant's motion to alter or amend. Appellant has not, however, appealed the denial of her motion to alter or amend.[7] So any consideration of the second affidavit is waived. *See* Tenn. R. App. P. 13(b) ("Review generally will only extend to those issues presented for review.").

Thus, we conclude that the trial court did not err in concluding that Appellant failed to meet her burden to produce evidence establishing that the Shannons authorized Attorney Jones to accept service on their behalf in this case. The trial court therefore did not err in concluding that the statute of limitations was not tolled, and that Appellant's claims are

---

[7] Appellant neither designated the denial of the motion to alter or amend as an issue on appeal nor argued that the trial court erred in denying her motion in the body of her brief.

now time-barred.[8]

## B. Mountain Laurel

Appellant next argues that the trial court erred in dismissing her claims against Mountain Laurel as an unnamed defendant under Tennessee Code Annotated section 56-7-1206.[9] This statute "allows for actions to be pursued against the uninsured motorist carrier as the sole defendant where . . . service of process upon the motorist sought to be charged is returned 'Not to be found.'" ***Lady v. Kregger***, 747 S.W.2d 342, 344 (Tenn. Ct. App. 1987) (citing Tenn. Code Ann. § 56-7-1206(d) (applying when the service is returned "marked, 'Not to be found in my county,' or words to that effect")).[10] Appellant argues that because the summonses to the Shannons were returned not to be found, this statute applies and the claims against Mountain Laurel should not have been dismissed.

Mountain Laurel makes both procedural and substantive arguments in support of its dismissal. First, Mountain Laurel argues that Appellant waived any argument that it should not have been dismissed. We fervently disagree. Here, no motion to dismiss was ever filed by Mountain Laurel. Instead, the trial court dismissed this case in its entirety on the basis of the Shannons' motion to dismiss. Thus, the only time that Appellant could have raised an issue as to Mountain Laurel's dismissal was in a motion to alter or amend. However, our rules do not require that parties file motions to alter or amend judgments in order to preserve their appellate rights in non-jury cases. *See* Tenn. R. App. P. 3 (providing that in non-jury trials, appellants need not "mov[e] in arrest of judgment"); ***Salas v. Rosdeutscher***, No. M2021-00449-COA-R3-CV, 2024 WL 1119818, at *1 (Tenn. Ct. App. Jan. 9, 2024) (citation omitted).

Next, Mountain Laurel asserts that the trial court's dismissal should be affirmed on the merits because the claim against the Shannons lapsed, and the uninsured motorist

---

[8] Additional arguments made by the Shannons and Mountain Laurel as to the insufficiency of the summons are pretermitted by our decision.

[9] Appellant makes no argument that the claims against John Does 1 through 3 were erroneously dismissed, so we do not address or disturb the trial court's dismissal of those defendants.

[10] The statute further provides that

> If the owner or operator of any motor vehicle that causes bodily injury or property damage to a person insured under this part is unknown and if the insured satisfies all of the requirements of § 56-7-1201(e), should suit be instituted, the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. If the uninsured motorist's identity and whereabouts are discovered during the pendency of the proceeding, subsection (e) shall govern the proper course of action following the discovery.

Tenn. Code Ann. § 56-7-1206(b). Tennessee Code Annotated section 56-7-1201(e) specifies the circumstances where an uninsured motorist carrier may be liable when the tortfeasor is unknown.

- 9 -

statute does not preserve Appellant's claim. In support, Mountain Laurel contends the uninsured motorist statue should not apply under these facts because its right of subrogation was destroyed by the dismissal of the claims against the Shannons, Appellant failed to make a diligent effort to serve the Shannons, and Appellant has failed to demonstrate "that the Shannons are uninsured or underinsured[.]" The problem with these arguments is that they were neither raised in the trial court proceedings nor ruled upon in the trial court.

As previously discussed, when the trial court dismissed this case, it was based solely upon the motion to dismiss filed by the Shannons. Although not encouraged, the trial court does have the authority to dismiss a complaint sua sponte upon concluding that it fails to state a claim upon which relief may be granted. *See* ***Reliant Bank v. Bush***, 631 S.W.3d 1, 6 (Tenn. Ct. App. 2021) (citing ***Huckeby v. Spangler***, 521 S.W.2d 568, 571 (Tenn. 1975)). As we have recently explained, however, "'[t]he trial court's burden . . . is much higher when dismissing a complaint sua sponte. . . . 'At a minimum, the court must state the reasons for the dismissal in its order.'" ***Sullivan v. Allen***, No. W2023-01357-COA-R3-CV, 2024 WL 4182170, at *2 (Tenn. Ct. App. Sept. 13, 2024) (first quoting ***Carnett v. PNC Bank, NA***, No. W2015-01677-COA-R3-CV, 2016 WL 402495, at *6 (Tenn. Ct. App. Feb. 2, 2016); and then quoting ***Justice v. Nelson***, No. E2018-02020-COA-R3-CV, 2019 WL 6716300, at *5 (Tenn. Ct. App. Dec. 10, 2019)). "Thus, while sua sponte dismissals are authorized by Tennessee law, trial courts must have ample justification in taking such a rare and drastic step." ***Carnett***, 2016 WL 402495, at *6. When a trial court's grant of dismissal sua sponte was so "devoid of reasoning that we are unable to discern whether the power of dismissal was exercised appropriately[,]" we have concluded that it is necessary to vacate the order of the trial court and remand for further proceedings. ***Sullivan***, 2024 WL 4182170, at *3.

In this case, the trial court simply dismissed the claims of Appellant in their entirety without any reference to either Mountain Laurel or the uninsured motorist statute. While Mountain Laurel contends that the trial court's decision was correct on the merits, citing various theories, the trial court never addressed these arguments because they were never made to the trial court in the first instance. Thus, the trial court's order is devoid of any explanation as to what basis the trial court dismissed the claims other than against the Shannons. *See also* ***Carnett***, 2016 WL 402495, at *6 (vacating the trial court's ruling even where the appellee made "a valiant effort in its appellate brief to offer several" arguments in support of dismissal because these arguments were not made in the trial court proceedings or mentioned in the trial court's order). As a result, the trial court's decision to dismiss Appellant's claims against unnamed defendant Mountain Laurel must be vacated, and this case remanded for further proceedings where these arguments can be developed and addressed by the trial court.

## V. CONCLUSION

The judgment of the Shelby County Circuit Court is affirmed in part, vacated in

part, and remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to Appellant Wendee C. Saulsberry, and one-half to Appellee Mountain Laurel Assurance Company, for all of which execution may issue if necessary.

<u>s/ J. Steven Stafford</u>
J. STEVEN STAFFORD, JUDGE